IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHERN JET, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 3:08-CV-0680-K |
| DAVID CHILDS, DALLAS COUNTY | § | |
| TAX ASSESSOR, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. No. 7). Because the Court lacks jurisdiction to hear the Plaintiff's claims, the Court **GRANTS** the motion to dismiss.

**I. Factual Background**

Defendant David Childs ("Childs"), the Dallas County, Texas, tax assessor-collector, assessed an *ad valorem* tax for 2005 on a Bombardier Learjet Model 35 airplane. At that time, the Learjet was owned by Sullivan Leasing Company, an Oklahoma corporation that based the plane at Addison Airport in Dallas County.

Plaintiff Southern Jet, Inc., ("Southern Jet") purchased the airplane on February 3, 2006, after a search of the Federal Aviation Administration's aircraft registry. The registry apparently showed no liens recorded against the aircraft at the time.

In 2007, Childs executed a sworn instrument stating that Southern Jet owed Dallas County exactly $27,681.88 for property tax assessed against the airplane for 2005 and that a lien existed against the plane for that amount. An instrument asserting these claims was subsequently filed with the Federal Aviation Administration's aircraft registry.

Plaintiff alleges it discovered the existence of the lien in 2007 when it sought to sell the airplane. Plaintiff claims it has been unable to sell the jet because of the lien, which it claims violates Texas state law, its constitutional right to due process because it had no notice of the lien, and the integrity of the federal system for registering aircraft titles and security and lien interests.

Plaintiff seeks a declaratory judgment that the lien is void and should be discharged, citing the Declaratory Judgment Act, 28 U.S.C. § 2201. It asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) and further asserts federal question jurisdiction regarding an alleged danger to the federal system for registering aircraft titles. Defendant now moves this Court to dismiss the action for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

**II. Legal Standard**

A cause of action should be dismissed under Federal Rule 12(b)(6) only if there is no possible set of facts upon which a plaintiff could prevail on that cause of action. *United States ex rel. Bain v. Ga. Gulf Corp.*, 386 F.3d 648, 653 (5th Cir. 2004). The Court does not

evaluate the plaintiff's likelihood of success, but determines whether the plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

A case is properly dismissed under Federal Rule 12(b)(1) when the Court lacks the statutory or constitutional power to hear the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995). Dismissal is warranted if the allegations in a plaintiff's complaint, taken as true, together with any undisputed facts establish that the district court lacks jurisdiction. *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5 thCir. 1992).

### III. Analysis

Defendant asserts that this Court lacks subject-matter jurisdiction under the Tax Injunction Act, 28 U.S.C. § 1341, and that Plaintiff has not stated a claim upon which relief can be granted because this Court may not grant declaratory relief in state tax cases. Plaintiff asserts that it is not a "taxpayer" and therefore should not be subject to the federal jurisdictional limitations of the Act.

#### A. The Tax Injunction Act

The Tax Injunction Act ("TIA") states: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C.

§ 1341. The Act restricts the power of federal district courts to prevent collection or enforcement of state taxes. *Arkansas v. Farm Credit Svcs. of Central Arkansas*, 520 U.S. 821, 823 (1997). It has been applied as a jurisdictional barrier that deprives the federal district courts of jurisdiction to hear cases in which a litigant seeks to enjoin the assessment or collection of a tax. *Id.* at 825. It further bars district courts from granting declaratory relief in these cases. *See California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982) ("[T]he very language of the Act suggests that a federal court is prohibited from issuing declaratory relief in state tax cases.").

For decades, Fifth Circuit precedent has strictly limited the jurisdiction of federal district courts to hear state tax cases. "[T]he obligation of the federal court is clear from a reading of the (Act). The existence of a remedy in the State Court effectively ousts the federal court of jurisdiction." *Henry v. Metropolitan Dade County*, 329 F.2d 780, 781 (5th Cir. 1964). This has been applied to federal court actions seeking judgment on a lien placed on property. "In dissolving a lien on property, a federal court interferes with the state's fiscal program just as surely as if it enjoined collection or assessment of the tax itself." *Dawson v. Childs*, 665 F.2d 705, 710 (5th Cir. 1982). "The rule, then, is clear: if the [plaintiffs] had an adequate remedy in state court, the District Court lacked jurisdiction in this case as to the state defendants." *Id.* The statute further applies to taxes imposed by municipalities. *Home Builders Ass'n of Miss.,* 143 F.3d at 1010.

The U.S. Supreme Court in *Hibbs v. Winn*, 542 U.S. 88 (2004), examined the

outer boundaries of the TIA's jurisdictional limits. There, the Court concluded that the TIA applies only when "state taxpayers seek federal court orders enabling them to avoid paying state taxes." *Id.* at 107. The Fifth Circuit, interpreting *Hibbs*, still applies sharp jurisdictional limits under the TIA. "*Hibbs* opened the federal courthouse doors slightly notwithstanding the limits of the TIA, but it did so only where (1) a third party (not the taxpayer) files suit, and (2) the suit's success will enrich, not deplete, the government entity's coffers." *Henderson v. Stalder*, 407 F.3d 351, 359 (5th Cir. 2005). Actions that do not meet these criteria must be heard in state courts.

Thus, if Plaintiff is not a third party, the suit would not enrich the coffers of Dallas County, and there is a "plain, speedy and efficient" remedy in state court, this Court may not hear the case.

### 1. Southern Jet is Not a Third Party, and the Suit's Success Would Not Enrich the Government Entity's Coffers.

Plaintiff asserts that it is not a "taxpayer" and therefore should not be subject to the Tax Injunction Act. The plain language of the Act does not mention the term "taxpayer," *see* 28 U.S.C. § 1341, but cases holding that the TIA does not apply to a "third party" are instructive.

Examining those cases, it quickly becomes apparent that the third parties contemplated by these courts are not individuals or businesses seeking to challenge the validity of a tax applied to them, but rather citizens and interest groups posing fundamental constitutional challenges. For instance in *Hibbs*, the Supreme Court was

considering an Establishment Clause challenge to an Arizona statute allowing income-tax credits benefitting private schools. *Hibbs*, 542 U.S. at 92–93. Similarly in *Henderson*, the Fifth Circuit heard a case by a pro-choice group mounting a First Amendment challenge to Louisiana license plates and still concluded that the district court lacked jurisdiction under the TIA. *Henderson*, 407 F.3d at 360. These cases opening the federal courthouse doors contemplate constitutional challenges by citizens and trade and interest groups, primarily on First Amendment grounds.

Plaintiff cites a Ninth Circuit case involving a trade association of retailers who were not "taxpayers" and therefore not subject to the TIA. *See Direct Mktg. Ass'n, Inc. v. Bennett*, 916 F.2d 1451 (9th Cir. 1990). That case is distinguishable, however, because retailers function only as pass-throughs for taxes paid by purchasers of goods and services and were not considered taxpayers under well-established California law. *Id.* at 1455. Because Plaintiff here invokes state law, it is helpful to examine the state definition of a taxpayer. For state purposes in Texas, a "taxpayer" is "a person liable for a tax, fee, assessment, or other amount imposed by a statute or under the authority of a statutory function administered by the comptroller." TEX. TAX CODE § 101.003(8); *see also Cornyn v. County of Hill*, 10 S.W.3d 424, 427 (Tex.App.—Waco 2000, no pet.) (applying statutory definition of "taxpayer"). Thus, it is readily apparent that if Southern Jet is found liable for the tax owed, it is considered a taxpayer under Texas law. In any event, Plaintiff is not a "third party" as contemplated under the criteria used by the Fifth

Circuit.

In contrast to its "taxpayer" argument, Plaintiff makes no assertion that its suit would enrich the coffers of Dallas County. To the contrary, Plaintiff complains that it the lien is "illegal" under the Texas Tax Code. A declaration that the tax lien is illegal would effectively prevent its collection. Such a finding necessarily would not enrich a government entity's coffers.

### 2. Southern Jet has an Adequate Remedy in Texas State Courts.

Plaintiff Southern Jet does not assert that Texas courts are unequipped or otherwise unable to hear its claims. Such a claim would fail in any event if Texas courts provide a "plain, speedy and efficient remedy" as required by the statutory language of the TIA. 28 U.S.C. § 1341. "[A] state-court remedy is 'plain, speedy and efficient' only if it provides the taxpayer with a 'full hearing and judicial determination' at which she may raise any and all constitutional objections to the tax." *Grace Brethren Church*, 457 U.S., at 411. This state court remedy "must merely be adequate." *Hamilton v. Dallas Central Appraisal Dist.*, 1999 WL 261929, at *2 (N.D. Tex. Apr. 23, 1999) (Lindsay, J.) (quoting *Home Builders Ass'n of Miss.,* 143 F.3d at 1012).

The Fifth Circuit has found that Texas courts offer the requisite speedy and efficient remedy in tax cases, indeed "a vast arsenal to ensure orderly adjudication of the serious federal constitutional questions." *Dawson*, 665 F.2d at 710 (quoting *City of Houston v. Standard Triumph Motor Co.*, 347 F.2d 194, 199 (5th Cir. 1965)). There is no

indication that Texas courts are unable or unwilling to entertain Plaintiff's constitutional due process claims. In a case similar to this one—involving Dallas County property owners who asserted that tax liens placed on property were improper—the court found the TIA barred federal jurisdiction. *See Hamilton*, 1999 WL 261929, at *3 (finding a plain, speedy and efficient remedy in Texas state courts).

Dismissals based on the Tax Injunction Act have been repeatedly upheld, with the Supreme Court noting that the Act was founded in principles of comity and federalism. *See Tully v. Griffin, Inc.*, 429 U.S. 68, 73 (1976) ("The statute has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations."). Thus, because there appears an adequate remedy in state court, this Court lacks jurisdiction. Southern Jet must pursue its claims elsewhere.

### B. Federal Question Jurisdiction

Plaintiff, in its complaint, asserts that Defendant's assessment of the *ad valorem* tax imperils the "substance and purpose of Federal statutes and regulations relating to the recordation of ownership, security and lien-holder interests in U.S.-registered aircraft." Plaintiff, however, points to no law that raises a federal question on this point.

Instead, Plaintiff's only claim for relief seeks a declaratory judgment based solely on federal and state due process guarantees and provisions of the Texas Tax Code governing liens. As noted, Texas state courts have been deemed perfectly capable of

entertaining Plaintiff's serious federal constitutional question regarding due process. Further, there is no indication that the state courts are unwilling or unable to interpret the Texas tax code.

The Declaratory Judgment Act, 28 U.S.C. § 2201, is not an independent source of federal jurisdiction, but rather may provide a remedy once jurisdiction is found to exist on another ground. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Plaintiff, however, has cited no other law, statutory or otherwise, that vests this Court with jurisdiction regarding its assertion that Defendant's action jeopardizes the federal system for registering and maintaining aircraft. Further, the Tax Injunction Act prohibits federal district courts from issuing declaratory relief in state tax cases. *Grace Brethren Church*, 457 U.S. at 408. Plaintiff thus does not assert valid federal question jurisdiction to defeat the jurisdictional limits of the TIA and fails to state a claim on upon which relief can be granted.

**IV. Conclusion**

Because this Court lacks jurisdiction to hear Southern Jet's claims, the Court hereby **DISMISSES** this action without prejudice.

**SO ORDERED**.

Signed October 18th, 2008.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE